HeNDERsoíí, Judge.
{think very dearly, that the, question, whether the deeds tendered were such as the condition of the bond required, was one of law ; for what were the obligations of the Defendant, was a question of law, and the deeds being offered in performance of those obligations, the same tribuual therefore should decide both. What ought to be done, was a question of law, what had been done, one of fact. But as the Jury came to the proper conclusion, the Judge was right in refusing a new trial.
The bond required an equal and fair .portion, a half of a tract of three thousand acres, belonging to the said Shepard, and lying on the Obion river, in the State of Tennessee. The deed of the'8th of March, 1825,'was for fifteen hundred acres, lying in the State of Tennessee, in the county of Weakly, on the south fork of the-Obiou river, being part of two patents, granted, &c. This may be a part of the lands owned by Shepard, at the date of the bond, and it may be an equal and fair portion, a half of a tract of three thousand acres; but these facts do not appear. Shepard may not have owned the land at the date of the bond $ it may not be the half of a 3000 acre tract, and if it is, it may not be an equal and fair portion, it may be the most inferior part, Non constat therefore, that the obligations of the bond were offered to be performed. As to the deed of the 18th of April, 1825, it is still more defective. It is deficient in quantity, and it has all the defects before pointed out, except that as tenant iti common, the grantee would be ^entitled to a fair partition. It is for one-half of one-ninth of 24,000 acres, less by nearly one hundred and sixty acres than Shepard was bound to convey.
But as the Jury assessed the damages beyond the penalty of the bond, and as a judgment has been rendered according to the verdict, the judgment must be reversed as such excess in damages. The judgment therefore is, that the Plaintiff recover three thousand dollars, with *464 interest thereon from the rendition of the judgment in the Court below, with costs of that Court. This Court having reversed in part the judgment of the Superior Court, the Plaintiff must pay the costs here.
Per Curiam. — Judgment affirmed.